IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS MANUEL DIAZ,

    Petitioner,

v.                                                              No. 22-cv-0429-JCH-GBW
                                                                             No. 07-cr-0701-JCH-GBW

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Jesus Manuel Diaz's Successive Letter-Motion to Vacate Federal Conviction Under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 242) (Successive Motion). Also before the Court are his Motions for Summary Judgment and to File Supplemental Pleadings (CV Docs. 10, 11). Diaz asks the Court to vacate his federal convictions based on, inter alia, an unreasonable search and seizure. Having reviewed the matter *sua sponte*, the Court finds Diaz's filings raise successive § 2255 claims. Because the Court lacks jurisdiction to consider such claims without prior authorization from the Tenth Circuit, the Successive Motion will be dismissed without prejudice.

**BACKGROUND**

    In 2007, a jury convicted Diaz of possession with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(b)(1)(A). *See* CR Doc. 116, 138. Diaz was the owner-operator of a one-rig trucking company, and federal officers seized the drugs after searching his tractor-trailer at the Gallup, New Mexico Point of Entry. *See* CR Doc. 208. The Court (Hon. Leroy Hansen) sentenced Diaz to 121 months imprisonment. *See* CR Doc. 138.

Judgment was entered on April 16, 2009. *Id.* Diaz appealed, and the Tenth Circuit Court of Appeals issued a mandate affirming the conviction/sentence on February 5, 2010. *See* CR Doc. 152.

Diaz filed his first 28 U.S.C. § 2255 motion on April 28, 2011. *See* CR Doc. 153. He alleged he was deprived of his Sixth Amendment right to effective assistance of counsel and his Fourth Amendment right to be free from unreasonable searches and seizures. Judge Hansen denied § 2255 relief by an order entered July 2, 2014. *See* CR Doc. 195. Diaz appealed the habeas ruling, and the Tenth Circuit affirmed. *See* CR Doc. 208. In 2015, Diaz again challenged his conviction based on an illegal search theory, but the motion cited 28 U.S.C. § 2241 instead of 28 U.S.C. § 2255. *See* CR Doc. 221. The Court (Hon. M. Christina Armijo) again relief and noted that any § 2255 claims would be subject to dismissal as second/successive claims. *See* CR Docs. 224, 225. Diaz filed another § 2255 motion on August 7, 2017. *See* CR Doc. 234. Judge Armijo dismissed the motion as successive and for lack of jurisdiction. *See* CR Doc. 240.

Diaz filed the instant, Successive Motion on June 6, 2022. *See* CV Doc. 1, CR Doc. 2. The Successive Motion seeks to vacate his criminal conviction based on an illegal search and seizure. The Successive Motion further alleges the officers who searched his tractor-trailer committed fraud and/or tampered with evidence to legitimize the illegal search. Although the Successive Motion is not explicitly labelled as a § 2255 motion, Diaz's recent filings clarify he is seeking relief under that statute. *See* CV Docs. 9, 11. The Court will analyze whether it has jurisdiction to consider the merits of the Successive Motion.

## DISCUSSION

By statute, Federal District Courts have jurisdiction over a defendant's first § 2255 motion.

*See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008).  After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court.  *Id.*  The failure to obtain such authorization is a jurisdictional defect barring relief.  *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the defendant files a successive § 2255 motion without authorization, the District Court has two options.  The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so …, or it may dismiss the motion … for lack of jurisdiction."  *Cline,* 531 F.3d at 1252.  Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.  To be meritorious, a second § 2255 motion must be based on newly discovered evidence of innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. § 2255(h).

Having considered these factors, the Court is not convinced the Successive Motion should be transferred to the Tenth Circuit.  As an initial matter, it does not appear that Diaz meets the custody requirements of 28 U.S.C. § 2255.  A petitioner must be "in custody at the time of filing his writ of habeas corpus," including motions under 28 U.S.C. § 2255.  *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994); *see also United States v. Cervini*, 379 F.3d 987, 989 n. 1 (10th Cir. 2004) (section 2255 movant remains "in custody" for purposes of eligibility to seek relief while serving term of supervised release).  Diaz was released from federal prison in 2015, and his

term of supervised release continued for the next five years. *See* https://www.bop.gov/inmateloc/; CR Doc. 138 at 3. His custody therefore ended no later than 2020. Diaz now lists a residential address in California, c/o Catalina Diaz, as his address of record, but he was subject to removal proceedings after his release from prison. *See* CV Doc. 1 at 34; CR Doc. 138.

Even if Diaz could meet the custody requirement, the remaining factors do not favor a transfer to the Tenth Circuit. The Court has advised Diaz multiple times that it cannot entertain successive habeas claims. The lack of jurisdiction was therefore clear at the time of filing, and the Court cannot conclude the Successive Motion was filed in good faith. Regarding the merits, Diaz does not point to any Supreme Court case, which was issued within one year of the Successive Motion and would warrant relief from the conviction. He instead alleges newly discovered evidence warrants relief. Diaz offers testimony, pictures of his tractor-trailer, and cell phone records to show that the timeline/details of the search differ from what the Government presented at the suppression hearing and at trial. For example, Diaz alleges his cell phone records show that certain incoming calls have a different timestamp than what is reflected on the officers' belt cameras and that the video was edited to omit his verbal request for a warrant. Diaz alleges he can show the search was performed without a warrant, despite his lack of consent, and that the duration of the search was unreasonably long.

A meritorious successive § 2255 claim must be based on factual innocence, rather than a constitutional defect in the legal proceeding. *See U.S. v. Maravilla*, 566 Fed. App'x 704, 708 (10th Cir. 2014); *see also* 28 U.S.C. § 2255(h)(2) (newly discovered evidence must prove by a preponderance that "no reasonable factfinder would have found the movant guilty of the offense"). At most, Diaz's arguments and exhibits are directed at undercutting the Government's video

4

evidence and demonstrating that the search of his tractor-trailer violates the Fourth Amendment. Diaz raised similar arguments at the suppression hearing in the prior habeas filings. Even assuming the evidence is newly discovered, he has not presented reliable information or exhibits showing that he did not possess marijuana in the tractor-trailer. Diaz has therefore not made a colorable showing that the Successive Motion presents a meritorious entitlement to relief under § 2255(h). The Court also notes that the Judgment was entered in 2008, and any § 2255 claims are now time-barred. *See* 28 U.S.C. § 2255(f) (noting habeas claims must be generally be filed within one year after the criminal judgment becomes final).

For all of these reasons, a transfer to the Tenth Circuit is not in the interest of justice. The Court will dismiss the Successive Motion for lack of jurisdiction and deny as moot Diaz's pending motions for summary judgment and to file supplemental pleadings/exhibits.[1] The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the jurisdictional bar is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA can only issue where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong"). Finally, to the extent the Successive Motion raises allegations regarding Diaz's medical mistreatment in prison, such claims are not cognizable in this habeas proceeding. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979) ("medical mistreatment claim . . . is not cognizable in a federal habeas corpus proceeding."). Diaz may file a civil complaint, if he seeks to raise medical

---

[1] To the extent the Successive Motion also seeks relief under Fed. R. Crim. P. 33, based on a citation to that rule, such argument is unavailing. Under Rule 33, a motion for a new trial based on newly discovered evidence must be filed within 3 years after the verdict, *see* Fed. R. Crim. P. 33(b)(1), but the verdict here was entered in 2007.

mistreatment claims.

**IT IS ORDERED** that Diaz's Motion for Summary Judgment (**CV Doc. 10**) and Motion to File Supplemental Pleadings and Exhibits (**CV Doc. 11**) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Diaz's Successive Letter-Motion to Vacate Federal Conviction Under 28 U.S.C. § 2255 (**CV Doc. 1; CR Doc. 242**) is **DISMISSED without prejudice** for lack of jurisdiction; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

_____
SENIOR UNITED STATES DISTRICT JUDGE